UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CHAD A. COBURN, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-15-642-HE |
| CHAD MILLER et al., | ) |
| Defendants. | ) |

## **ORDER**

Prior to the Court authorizing service of Plaintiff's complaint on Defendants, or the United States Marshals Service ("USMS") attempting to serve any Defendant, Plaintiff Chad A. Coburn—a state prisoner appearing pro se and proceeding *in forma pauperis* in this 42 U.S.C. § 1983 action—filed a document titled "Summary and Default," in which he asks that judgment be granted in his favor due to Defendant's failure to respond. *See* Summary and Default (Doc. No. 15); Order Requiring Serv. & Special R. (Doc. No. 16) at 1-3. Plaintiff's motion (Doc. No. 15) is DENIED without prejudice as premature. *See Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003) ("[G]iven the prescriptive guidance of the applicable rules of procedure," it would be "incorrect as a matter of law" for the Clerk to enter a person's default before he or she "had any obligation to file an answer" or other responsive motion); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

The Court notes, however, that the docket in this matter shows that, following Plaintiff's proper completion of requests for summonses (several months after the filing of

the Summary and Default), the USMS attempted to serve and has filed executed returns of service for Defendants Amin, Battles, Hilligoes, and Mayhem. *See* Battles Return (Doc. No. 25); Amin Return (Doc. No. 26); Hilligoes Return (Doc. No. 27); Mayhem Return (Doc. No. 28); Order to Show Cause (Doc. No. 30) at 2 ("Each executed return indicates that on March 20, 2017, process was served on an individual identified as the 'Warden's Secretary' at Cimarron Correctional Facility."). None of these named Defendants has entered an appearance in this matter or filed an answer or other responsive motion within the 60-day period set by the Court. *See* Order Requiring Serv. & Special R. at 3; 42 U.S.C. § 1997e(g)(2).

If Plaintiff wishes to pursue a default judgment against any of these four defendants, he must follow the procedures specified in Federal Rule of Civil Procedure 55. Failure to take appropriate action within a reasonable time may result in dismissal of Plaintiff's claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing district courts' inherent authority to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

IT IS SO ORDERED this 28th day of June, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE