# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD A. COBURN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-642-HE ) |
| CHAD MILLER, et al., | ) ) |
| Defendants. | ) |

## ORDER

This progress of this case has stalled due to the attempted but unsuccessful service of Plaintiff's Complaint on Defendants Mayhem, Amin, Battles, and Hilligoes. On March 28, 2017, the United States Marshals Service ("USMS") filed "executed" returns of service for each of these four Defendants, stating that the Defendants had been served but detailing facts about the method of service that indicated something less than what was required under the relevant rules and statutes. *See* Returns (Doc Nos. 25, 26, 27, 28); *see also* Order of Dec. 8, 2017 (Doc. No. 42).[1] When these Defendants did not answer or otherwise respond to the Complaint, Plaintiff (after several extensions) filed what was in effect both a notice of default and a motion for default judgment. *See* P.'s Mot. (Doc. No. 38). Upon Plaintiff's motion, the Court Clerk—acting administratively, that is accepting the returns of service on their face without evaluating whether service was in fact properly made—entered default on November 30, 2017, against the four defendants. *See* Entry of Default

---

[1] The USMS also filed an "unexecuted" return relating to a fifth defendant: Defendant Miller. *See* Return (Doc. No. 29). Plaintiff's claims against Defendant Miller were subsequently dismissed. *See* Order of Sept. 7, 2017 (Doc. No. 33).

(Doc. No. 41). However, on December 8, 2017, the Court—upon evaluating the attempted service—denied Plaintiff's request for judgment and ordered that the entry of default previously entered be stricken because "the record does not reflect proper service" on the four defendants. *See* Order of Dec. 8, 2017 (Doc. No. 42) at 1.² Plaintiff subsequently filed a "Motion to Alter Judgment" (Doc. No. 45), which was in effect a motion to reconsider the December 8, 2017 Order. That motion has been denied. *See* Order of Jan. 12, 2018 (Doc. No. 46).

The resulting question is whether Plaintiff's Complaint should be dismissed for failure to serve the remaining defendants or whether Plaintiff should be provided another opportunity to attempt to do so. When, as here, the USMS is ordered to attempt service on a pro se litigant's behalf, that does not alter the fact that "service is ultimately Plaintiff's responsibility." *See* Order Requiring Serv. & Special R. (Doc. No. 16) at 2. However, "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). Moreover, when service by the USMS is inadequate and there is "no evidence in the record that [a plaintiff] failed to cooperate with the U.S. Marshals or [was] otherwise not entitled to their service," a court should not hold that plaintiff "culpable for [the USMS's] failure to comply with the Federal Rules of Civil Procedure or the court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2003).

---

² On December 13, 2017, Plaintiff filed a separate motion for entry of default judgment (Doc. No. 43). That motion is DENIED as moot in light of the Court's December 8, 2017 Order.

In such case, it is appropriate to grant an extension of time and allow the plaintiff an opportunity to re-attempt service through the USMS. *See* Fed. R. Civ. P. 4(m); *Olsen*, 333 F.3d. at 1205 (finding that "[t]he court should ensure that service is perfected on [the Defendant] by U.S. Marshal" when Plaintiff was not responsible for the inadequacy of the original attempt); *Silverman v. Prisoner Transp. Serv. of Am.*, No. CIV-15-1093-F, Order (W.D. Okla. July 6, 2016) (permitting Plaintiff an opportunity to re-attempt service via the USMS after the court determined that the USMS's first attempt—in which they served process on an employee at defendants' workplace—was invalid); *Gauthier v. Cleveland Cty. Bd. of Cty. Comm'r*, No. CIV-12-58-D, Order at 1-2 (W.D. Okla. Aug. 2, 2012) (granting an extension of time to effect service and directing re-issuance of process to the USMS after determining Plaintiff misnamed the defendant); *Myers v. Bird*, No. CIV-08-636-D, Order at 3-4 (W.D. Okla. Dec. 1, 2008) (quashing insufficient service and directing the USMS to re-attempt service when the original attempt was upon an employee at defendants' workplace).

    Accordingly, IT IS ORDERED that:

(1) The prior summonses issued for Defendants Amin, Battles, Hilligoes, and Mayhem are QUASHED.

(2) Plaintiff is granted one extension of time of <u>sixty</u> days from the date of this Order to effect service of process upon Defendants Amin, Battles, Hilligoes, and Mayhem.

(3) The Court Clerk is directed to mail to Plaintiff the necessary forms for requesting the issuance of summonses. Plaintiff must complete these forms and return them to the Court Clerk, along with sufficient copies of the Complaint to effect service of process upon each Defendant, within <u>twenty-one</u> days from the date of this Order. *See* Order Requiring Service and Special Report (Doc. No. 16) (detailing

service instructions).

-and-

(4) Upon receipt of properly completed forms, the Court Clerk will issue summonses. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the USMS shall be authorized to attempt service on Plaintiff's behalf. *See* Fed. R. Civ. P. 4(c)(3).

DATED this 12th day of January, 2018.

*Charles B. Goodwin*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE