IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHAD A. COBURN, )
)
        Plaintiff, )
vs. ) NO. CIV-15-0642-HE
)
CHAD MILLER, *et al.*, )
)
        Defendants. )

# ORDER

Plaintiff Chad A. Coburn, a state prisoner appearing *pro se* and proceeding *in forma pauperis*, filed this § 1983 action alleging violations of his due process and equal protection rights. Plaintiff claims certain items of his personal property were not delivered to him after he was transferred from Cimarron Correctional Facility to Davis Correctional Facility.

Consistent with 28 U.S.C. § 636, the matter was referred for initial proceedings to Magistrate Judge Charles B. Goodwin. He has issued a Report and Recommendation recommending the denial of both a motion to dismiss filed by defendants Mayhem, Amin, Battles and Hilligoes[1] and a motion for summary judgment filed by plaintiff.

Defendants base their motion to dismiss on plaintiff's asserted failure to exhaust his administrative remedies. The magistrate judge concluded it either was not clear that plaintiff's claim form, required for exhaustion, was untimely, or that defendants had waived any violation of the filing deadline by their actions. He determined that plaintiff's

---

[1] By order entered on September 7, 2017, the court dismissed plaintiff's claims against defendant Chad Miller for lack of service pursuant to Fed.R.Civ.P.4(m). Doc. #33.

motion for summary judgment should be denied because plaintiff failed "to identify specific claims or cite to a single piece of evidentiary material." Doc. #60, p. 11.[2]

Defendants did not object to the Report. They thereby waived their right to appellate review of the factual and legal issues it addressed. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010); see 28 U.S.C. §636(b)(1)(C). Plaintiff did file an objection. He essentially argues that he is entitled to summary judgment because defendants did not respond to his motion and thus did not "challenge the merits of the case." Doc. #61, p. 2. Plaintiff asserts that the material facts are undisputed and that the "evidence speaks for itself." Id.

A party is not entitled to summary judgment "merely because [the opposing side] failed to file a response. Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its 'initial responsibility' of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law." Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The problem here, as the magistrate judge pointed out, is that plaintiff did not properly identify his claims or support his summary judgment motion as required by Fed.R.Civ.P.56(c). Id. While plaintiff refers to "exhibits" in his objection, none were attached to his motion for summary judgment or his objection.

---

[2] Page references to briefs and exhibits are to the CM/ECF document and page number.

Attaching them to another pleading is insufficient.[3] The magistrate judge correctly concluded that plaintiff is not entitled at this time to summary judgment on his claims.

Accordingly, the court adopts the Report and Recommendation of Magistrate Judge Goodwin. Both defendants' motion to dismiss [Doc. #58] and plaintiff's motion for summary judgment [Doc. #55] are **DENIED**. This order does not terminate the referral.[4]

**IT IS SO ORDERED**.

Dated this 6th day of September, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[3] *Plaintiff did not even refer to any exhibits in his summary judgment motion.*

[4] *Subsequent to submission of the Report and Recommendation, Magistrate Judge Goodwin became a United States District Judge in this court. Pursuant to the court's plan for reassignment of cases due to that transition, this case will be transferred to U. S. District Judge Goodwin for all purposes by separate order.*