UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHAD A. COBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-642-G |
| | ) | |
| CHAD MILLER, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Chad A. Coburn, an Oklahoma prisoner appearing pro se and proceeding *in forma pauperis*, has filed suit under 42 U.S.C. § 1983, alleging that several private correctional employees violated Plaintiff's Fourteenth Amendment rights to due process and equal protection. *See* Compl. (Doc. No. 1) at 1-6; Am. Br. (Doc. No. 48) at 1-9;[1] Am. Br. Exs. 1-11 (Doc. Nos. 48-1 to 48-11).[2] Specifically, Plaintiff contends that these employees of a company operating private correctional facilities in Oklahoma failed to deliver Plaintiff's private property to Plaintiff after he was transferred from one such facility to another. On September 6, 2018, the Court denied Defendants' motion to dismiss (Doc. No. 58), in which the four remaining Defendants had argued that Plaintiff failed to

---

[1] On February 20, 2018, Plaintiff filed a brief in support of his Complaint, *see* Doc. No. 48, that was largely duplicative of the brief attached to his Complaint, *see* Doc. No. 1-1. The Court accepts this document and its exhibits as a supplement to the initial pleading. For convenience, these documents are collectively referred to as Plaintiff's "pleading" or "Complaint."

[2] Citations to page numbers herein use the CM/ECF pagination. When quoting from Plaintiff's filings, the Court has occasionally altered capitalization, punctuation, and unambiguous abbreviations or spelling errors to improve readability.

exhaust administrative remedies prior to filing suit. *See* Order (Doc. No. 62) at 1-3 (Heaton, J.). Following the opportunity for discovery and dispositive motions,[3] Plaintiffs' claims would appear to be ready for trial. The Court, however, remains obligated to screen Plaintiff's pleading and dismiss any claim that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), 1915A(b). Exercising that obligation, the Court determines that Plaintiff's claims should be dismissed.

## SCREENING OBLIGATION AND STANDARD OF REVIEW

The Court is required by the Prisoner Litigation Reform Act to screen Plaintiff's pleading in order to identify its cognizable claims and to dismiss the pleading, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive dismissal a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when the well-pled factual allegations, accepted as true and viewed in the plaintiff's favor, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" under the governing law. *Id.*; *see Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013). A pro se plaintiff's complaint must be "construed liberally and held to a less stringent standard than formal pleadings

---

[3] Defendants did not move for summary judgment. Plaintiff's motion for summary judgment, filed prior to the discovery period, was denied on September 6, 2018. *See* Order (Doc. No. 62) at 3 (Heaton, J.).

2

drafted by lawyers," so that any potentially valid claim can be fairly decided on its merits. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must allege "sufficient facts on which a recognized legal claim could be based," *id.*, and district courts cannot "construct . . . claims or grounds [for] relief" not fairly presented in the complaint, *Windsor v. Colo. Dep't of Corr.*, 9 F. App'x 967, 970 (10th Cir. 2001).

## SUMMARY OF PLAINTIFF'S PLEADING

Plaintiff's claims arise from events that transpired around the time of Plaintiff's transfer from Cimarron Correctional Facility ("CCF"), a facility in Cushing, Oklahoma, operated by a company formerly known as Corrections Corporation of America ("CCA"), to Davis Correctional Facility ("DCF") in Holdenville, Oklahoma, which is also operated by CCA. Plaintiff alleges that CCF failed to send certain personal property items to DCF when Plaintiff was transferred on January 8, 2014. *See* Compl. at 6; Am. Br. at 5-8. Plaintiff asserts that in failing to deliver to him his television, watch, and "commissary," Defendants deprived Plaintiff of his personal property without due process and violated his right to equal protection. *See* Compl. at 4; Am. Br. at 4, 6, 8. Plaintiff asserts these claims against five CCF employees: Warden Chad Miller,[4] Chief Unit Manager Hilligoes, and Property Officers Anmin, Battles, and Mayhem.[5] *See* Compl. at 1-3; Am. Br. at 2-3.

---

[4] The Court has dismissed Plaintiff's claims against Defendant Miller pursuant to Federal Rule of Civil Procedure 4(m). *See* Order of Sept. 7, 2017 (Doc. No. 33).

[5] As employees of a private entity that operates a private correctional facility under a contract with the Oklahoma Department of Corrections, Defendants are "not state officials, and official capacity claims cannot be asserted against them." *AlAmiin v. Patton*, No. CIV-13-1001-F, 2016 WL 7217857, at *6 n.6 (W.D. Okla. Dec. 13, 2016) (citing *Jones v. Barry*,

3

Plaintiff seeks compensatory and punitive damages against each Defendant. *See* Compl. at 6; Am. Br. at 9.

Plaintiff contends that on October 1, 2013, he was put in disciplinary segregation at CCF after he was caught with a cell phone in his possession. *See* Am. Br. at 3. Two days later, Defendant Anmin gave Plaintiff a property inventory form that, according to Plaintiff, did not list his wristwatch. *See id.* at 4. Plaintiff was transferred from CCF to DCF on January 8, 2014. *Id.* at 5. Within a few days, Plaintiff realized that his television, wristwatch, and packaged food had not been transferred with him. *Id.* at 5-6. Plaintiff alleges that on January 15, 2014, he sent a Request to Staff to Defendants Mayhem, Anmin, and Miller regarding the property items but received no response. *See id.* 5. Plaintiff then submitted a 14-6D Claim Form pursuant to the CCA Property Policy on January 29, 2014. Am. Br. Ex. 7, at 1 (identifying lost items as surge protector, television, watch, phone book, Koran, boots, canteen, headphones, and headphone extension). Plaintiff asserts that this claim was not investigated or answered by prison officials. *See* Am. Br. Ex. 1, at 2.

On February 7, 2014, however, CCF sent Plaintiff some of the items listed on the 14-6 Claim Form. *See* Am. Br. Ex. 11 (identifying returned items as electrical power bar, headset, shower shoes, and personal hygiene items). According to Plaintiff, Defendant Anmin "packed and inventoried [Plaintiff's] property" at CCF, but one or more unidentified CCF staff members intentionally withheld his television because Plaintiff "had prior problems with prison officials at CCF." Am. Br. at 6-8.

---

33 F. App'x 967, 971 n.5 (10th Cir. 2002)). However, they may be held personally liable. *See id.*

4

At some point between February 7, 2014, and March 6, 2014, Plaintiff's mother contacted CCF regarding the whereabouts of Plaintiff's television but was told that all of Plaintiff's remaining property, including his television, had been sent to DCF. Am. Br. at 6-7; Am. Br. Ex. 10, at 1. Plaintiff contacted DCF's property officer, who told Plaintiff that his television had not yet arrived and that he needed to pursue the issue with CCF rather than DCF. Am. Br. Ex. 10, at 1; Am. Br. at 6-7. Plaintiff does not allege that he took any further steps authorized by the CCA Property Policy or that he pursued the matter in state court. *See* Am. Br. Ex. 1, at 2.

ANALYSIS

A plaintiff seeking to hold a state-actor defendant personally liable under § 1983 must ultimately prove that such defendant, "through the official's own individual actions, has violated" a right secured to the plaintiff by the Constitution or laws of the United States. *Iqbal*, 556 U.S. at 676.

I. *Plaintiff's Equal Protection Claim*

Plaintiff alleges that the circumstances described in his pleading and summarized above constitute a violation of his right to equal protection under the Fourteenth Amendment. *See* Compl. at 4. In support, Plaintiff states only that Defendants "had a chance to correct the problem" but neglected to do so. *Id*.

To state an equal protection claim, Plaintiff must allege that he has intentionally been treated differently than similarly situated individuals. *See Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998). Further, Plaintiff must allege facts in the Complaint plausibly showing that he is a member of a protected class, or that he asserted a

fundamental right, or that any distinction in his treatment compared to other prisoners' treatment was not reasonably related to a legitimate penological purpose. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012) ("[The Equal Protection Clause] seeks to ensure . . . that those who appear similarly situated are not treated differently without, at the very least, a rational reason for the difference." (internal quotation marks omitted)); *see also Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006); *Brown v. Zavaras*, 63 F.3d 967, 971-72 (10th Cir. 1995).

Here, Plaintiff's Complaint contains no facts to establish "above the speculative level" that he was intentionally treated differently from others similarly situated to him. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Barney*, 143 F.3d at 1312. Plaintiff does not allege facts suggesting that he is a member of a protected class, that a fundamental right was violated, or that he was treated differently than other, similarly situated prisoners. Nor does Plaintiff provide "facts sufficient to overcome a presumption of government rationality." *Brown*, 63 F.3d at 971. "[Plaintiff's] allegations are merely conclusory in that they do not allege the factual basis for an equal protection claim, and even pro se litigants must do more than make mere conclusory statements regarding constitutional claims." *Id.* at 972; *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration and internal quotation marks omitted)); *see also Coburn v. Wilkinson*, 700 F. App'x 834, 838 (10th Cir. 2017) (affirming dismissal of Plaintiff Coburn's equal protection claim as unsupported and conclusory).

Plaintiff therefore fails to state a cognizable equal protection claim against any Defendant, and this claim must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[6]

*II. Plaintiff's Due Process Claim*

As an initial matter, Plaintiff's pleading contains few well-pled facts showing "exactly who is alleged to have done what to whom." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (emphasis and internal quotation marks omitted). For example, Plaintiff alleges only that Defendant Anmin "packed and inventoried [Plaintiff's] property" and that Defendant Battles advised Plaintiff that he would send the property to DCF when he found it. Am. Br. at 3, 7. Similarly, Plaintiff's only well-pled allegations against Defendants Hilligoes, Miller, and Mayhem are that these officials "never responded" to Plaintiff's correspondence even though they were "legally responsible" for CCF inmates' personal property. *Id.* at 2-3, 5. Plaintiff cannot hold these Defendants personally liable under § 1983 by virtue of their alleged job descriptions and responsibilities alone. *See Iqbal*, 556 U.S. at 676, 678. "Rather, it is incumbent upon [Plaintiff] to identify *specific* actions taken by *particular* defendants" to state a cognizable § 1983 claim against those Defendants. *Pahls*, 718 F.3d at 1226 (internal quotation marks omitted).

---

[6] In his original brief in support of his Complaint, Plaintiff alleged that his right to equal protection was violated because "other inmates that [were] transferred from [CCF] to DCF have received all of their property." Doc. No. 1-1, at 9, 12. This allegation, which was not included in his Amended Brief, Doc. No. 48, is too conclusory to plead an equal protection violation. Plaintiff does not plausibly suggest that he was treated differently *by the individual Defendants* from others who were similar "in every relevant respect" or that Defendants acted with "an intent to discriminate." *Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994); *SECSYS, LLC*, 666 F.3d at 685.

At most, Plaintiff alleges facts supporting a reasonable inference that Defendant Anmin inventoried, packaged, and stored the personal property that had been in Plaintiff's cell when Plaintiff was moved to disciplinary segregation in October 2013 and that Defendants Mayhem, Battles, Hilligoes, and Miller were not responsive to Plaintiff's communications regarding CCF's failure to transfer certain property items.[7] These allegations fail to plausibly show that any individual Defendant personally caused the property deprivation. *See Twombly*, 550 U.S. at 544; *Pahls*, 718 F.3d at 1225-26 ("When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.").

Moreover, the Supreme Court has held that "when property loss 'is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure,'" "the Due Process Clause is satisfied so long as 'a meaningful postdeprivation remedy for the loss is available.'" *Stengel v. N.M. Corr. Dep't*, 640 F. App'x 701, 704 (10th Cir. 2016) (quoting *Hudson v. Palmer*, 468 U.S. 517, 532, 533 (1984)); *accord Cook v. Silvers*, Nos. 93-5016, 93-5033, 1994 WL 62825, at *2 (10th Cir. Feb. 23, 1994). Plaintiff does not allege that the Defendants acted pursuant to a policy or that their actions were otherwise authorized. To the contrary, Plaintiff repeatedly contends that his property deprivation was the result of Defendants' *failure* to follow CCF's policies pertaining to

---

[7] Because "Section 1983 governs only alleged violations of 'federally-conferred rights,'" Plaintiff cannot successfully claim relief under § 1983 solely "for the [Defendants'] alleged violation of prison policies." *Koch v. Carlisle*, No. CIV-15-811-HE, 2017 WL 7175960, at * 4 (W.D. Okla. Dec. 4, 2017) (R. & R.) (quoting *Jones v. Norton*, 809 F.3d 564, 577 (10th Cir. 2015), *adopted*, 2018 WL 632033 (W.D. Okla. Jan. 30, 2018).

inmate property.  *See, e.g.*, Compl. at 2 ("Defendants did not follow their own policies and procedures."); Am. Br. at 5 ("They did not follow the guidelines set in their own policy."), 7 ("Staff neglected to do their job."), 8 ("[D]efendants deliberately denied and ignored OPS 03100.").  Therefore, to state a § 1983 claim, Plaintiff was required to plead the inadequacy or unavailability of a postdeprivation remedy.  *See Durre v. Dempsey*, 869 F.2d 543, 548 (10th Cir. 1989) (explaining that the complaint "must allege facts sufficient to show deprivation, in this case the lack of an adequate state remedy"); *accord Johnson v. Whitney*, 723 F. App'x 587, 593 (10th Cir. 2018).

The Supreme Court has recognized that adequate postdeprivation remedies may exist in prison grievance procedures or in state court.  *See Hudson*, 468 U.S. at 535-36, 536 n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982); *Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug. 25, 2010) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court").  Liberally construed, Plaintiff's pleading states facts suggesting that the CCF prison grievance procedure, though available, was inadequate because CCF officials failed to respond to his submissions.  *See* Am. Br. at 5; *Freeman v. Dep't of Corr.*, 949 F.2d 360, 362 (10th Cir. 1991).  Missing from Plaintiff's allegations, however, is any allegation that he similarly was barred from seeking recourse in state court or that state-law remedies were otherwise unavailable, inadequate, or unresponsive.

Courts have found the availability of suit in tort to be an adequate postdeprivation remedy, and such postdeprivation remedies appear to be available in Oklahoma state court

for deprivations of property by employees of private correctional facilities.[8] *See Hudson*, 468 U.S. at 534-35; *Louis v. Rios*, No. CIV-15-893-SLP, 2018 WL 7364627, at *3 (W.D. Okla. June 29, 2018) (R. & R.) (noting that this Court has identified Oklahoma tort claims as postdeprivation remedies available to prisoners for deprivation of property by private-prison employees), *adopted*, 2019 WL 729817 (W.D. Okla. Feb. 20, 2019); *Arnold*, 2008 WL 4816507, at *1-2 (finding that private-prison operator was not entitled to immunity under OGTCA, Okla. Stat. tit. 51, §§ 151 et seq., from civil negligence claim); Okla. Stat. tit. 51, §§ 152(11), 152(13), 155(25).

Further, this Court has cited the state-law claim of conversion as an adequate postdeprivation remedy available to Oklahoma inmates who alleged that their personal property was lost or taken. *See, e.g.*, *Smith v. Bauman*, No. CIV-09-926-R, 2009 WL 3271329, at *3 (W.D. Okla. Oct. 9, 2009) (citing *Steenbergen v. First Fed. Sav. & Loan of Chickasha*, 753 P.2d 1330 (Okla. 1987)); *Rivera v. Garfield Cty. Sheriff's Dep't*, No. CIV-15-1299-M, 2015 WL 10015375, at *6 (W.D. Okla. Dec. 14, 2015) (R. & R.), *adopted*, 2016 WL 540811 (W.D. Okla. Feb. 9, 2016); *Louis*, 2018 WL 7364627, at *3. In addition, an adequate postdeprivation remedy may also be available in a replevin action sounding in

---

[8] Though Oklahoma tort claims arising out of the administration of prisons may not be available to prisoners under the Oklahoma Governmental Tort Claims Act ("OCTCA"), *see Baughman v. Saffle*, 24 F. App'x 845, 850 (10th Cir. 2001); Okla Stat. tit. 51, § 155(25), this possible exemption from liability only applies to the State of Oklahoma and its political subdivisions, as defined in title 51, sections 152(11) and 152(13) of the Oklahoma Statutes, and does not implicate private correctional facilities such as CCF or their employees. *See Arnold v. Cornell Cos., Inc.*, No. CIV-07-1431-F, 2008 WL 4816507, at *1-2 (W.D. Okla. Oct. 29, 2008).

10

tort.⁹ *See Lemmons v. Waters*, No. 11-CV-500-JED-PJC, 2014 WL 5419237, at *6 (N.D. Okla. Oct. 23, 2014) (citing *Gibson v. Copeland*, 13 P.3d 989, 992 (Okla. Civ. App. 2000), which provides that Oklahoma's statutory remedy for replevin "sounds both in tort and in contract"); *see also Cook*, 1994 WL 62825, at *2 (citing replevin claim under title 12, section 1571 of the Oklahoma Statutes as example of postdeprivation remedy); *Rivera*, 2015 WL 10015375, at *6 (same); *Smith*, 2009 WL 3271329, at *3 (same).

These authorities reflect that postdeprivation remedies were available to Plaintiff under Oklahoma law. And Plaintiff does not allege that these remedies were unavailable or inadequate. *See Allen*, 475 F. App'x at 283; *Baughman*, 24 F. App'x at 850. Thus, Plaintiff has failed to state a due process claim upon which relief may be granted, and this claim must be dismissed. *See Hudson*, 468 U.S. at 533; *Durre*, 869 F.2d at 548; 28 U.S.C. § 1915(e)(2)(B)(ii).

CONCLUSION

Based upon the foregoing, Plaintiff has failed to state a cognizable equal protection claim or due process claim against any Defendant, and these claims are dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because of the lack of opportunity to address the authorities cited above, and because the Court finds that it is not obvious that amendment would be futile, *see Gee v. Pacheco*, 627 F.3d 1178, 1182, 1195 (10th Cir.

---

⁹ Plaintiff also may have "a further post-deprivation remedy in the form of a replevin action based on contract in the Oklahoma state courts." *Peterson v. Lampert*, 499 F. App'x 782, 785 n.2 (10th Cir. 2012); *accord Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010). *But see* Okla. Stat. tit. 57, § 566.4(B)(1) (prescribing that neither any "private correctional company" nor its "employees" "shall be liable for any civil claim or action alleged to have arisen from any theory of contract law").

2010), the Court grants Plaintiff leave to amend his pleading. Thus, if Plaintiff wishes, he may file an amended complaint that cures the deficiencies noted in this order on or before March 20, 2019. *See Johnson*, 723 F. App'x at 593-94; *Hall*, 935 F.2d at 1110. Absent such amendment, this case shall be dismissed and judgment entered.

IT IS SO ORDERED this 6th day of March, 2019.

_____
CHARLES B. GOODWIN
United States District Judge